IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APRIL CARROLL, as Administrator of the ESTATE OF KEVIN CARROLL and in her own right, | ) ) ) | CASE NO. 2:21-cv-01298-MPK |
| | ) | |
| Plaintiff, | ) | *Electronically Filed* |
| | ) | |
| v. | ) | |
| | ) | |
| COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC d/b/a BRIGHTON REHABILITATION AND WELLNESS CENTER, HEALTHCARE SERVICES GROUP, INC., HCSG LABOR SUPPLY, LLC, HCSG SUPPLY, INC., HCSG STAFF LEASING SOLUTIONS, LLC and BRIAN EDWARD MEJIA, | ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS, HEALTHCARE SERVICES GROUP, INC., HCS LABOR SUPPLY, LLC, HCSG SUPPLY, INC., HCSG STAFF LEASING SOLUTIONS, LLC AND BRIAN EDWARD MEJIA, WITH AFFIRMATIVE AND ADDITIONAL DEFENSES AND CROSS-CLAIM AGAINST DEFENDANT COMPREHENSIVE HEALTHARE MANAGEMENT SEVICES, LLC d/b/a BRIGHTON REHABILITAITON AND WELLNESS CENTER**

Defendants, Healthcare Services Group, Inc., ("HCSG"), HCSG Labor Supply, LLC, HCSG Supply, Inc. HCSG Staff Leasing Solutions, LLC and Brian Edward Mejia, by and through their attorneys, Cipriani & Werner, P.C., hereby respond to the Plaintiff's Complaint as follows:

**ANSWER**

1.    It is admitted only that Plaintiff April Carroll has been appointed as the Administrator of the Estate of Kevin Carroll.  The remaining averments in Paragraph 1 reference

a document that speaks for itself. To the extent that the allegations set forth in Paragraph 1 misstate or mischaracterize the content of the document referenced, the same are denied.

2.      Admitted upon information and belief.

3.      Denied. The allegations contained in Paragraph 3 are specifically denied and strict proof thereof is demanded at the time of trial.

4.      Denied. The allegations contained in Paragraph 4 represent conclusions of law to which no response is required. To the extent a response is required, these allegations are denied and strict proof thereof is demanded at the time of trial.

5.      Denied. The allegations contained in Paragraph 5 are denied for the reason that after reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters averred therein.

6.      Denied. The allegations contained in Paragraph 6 are denied for the reason that after reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters averred in Plaintiff's Complaint.

7.      Denied. The allegations contained in Paragraph 7 are denied for the reason that after reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters averred in Plaintiff's Complaint.

**THE PARTIES**

8.      Denied. It is specifically denied that Kevin Carroll was a resident of the Commonwealth of Pennsylvania at any time relevant hereto.

9.      Denied. After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters averred in Paragraph 9 of the Plaintiff's Complaint.

10.     The allegations contained in Paragraph 10 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied and strict proof thereof is demanded at the time of trial.

## CHMS

11.     The allegations contained in paragraph 11 of Plaintiff's Complaint are directed to parties other than answering defendants and therefore, no response is required.

12.     The allegations contained in paragraph 12 of Plaintiff's Complaint are directed to parties other than answering defendants and therefore, no response is required.

13.     The allegations contained in paragraph 13 of Plaintiff's Complaint are directed to parties other than answering defendants and therefore, no response is required.

14.     The allegations contained in paragraph 14 of Plaintiff's Complaint are directed to parties other than answering defendants and therefore, no response is required.

15.     The allegations contained in paragraph 15 of Plaintiff's Complaint are directed to parties other than answering defendants and therefore, no response is required.

## HCSG DEFENDANTS

16.     Admitted.

17.     Denied.  The allegations contained in Paragraph 17 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied, as the act, acts and/or parties have not been specifically identified.

18.     Admitted.

19.     Denied.  The allegations contained in Paragraph 19 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied, as the act, acts and/or parties have not been specifically identified.

3

20.    Admitted in part; denied in part.  It is admitted only that defendant, HCSG Supply, Inc., was organized and existed under the laws of the Commonwealth of Pennsylvania at the address listed.  It is denied that HCSG Supply, Inc., was an active or operating entity at any time relevant hereto.

21.    Denied.  The allegations contained in Paragraph 21 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied, as the act, acts and/or parties have not been specifically identified.

22.    Admitted.

23.    Denied.  The allegations contained in Paragraph 23 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied, as the act, acts and/or parties have not been specifically identified.

24.    Admitted.

25.    Admitted in part; denied in part.  It is admitted only that Brian Edward Mejia was at one time an employee of HCSG, Inc.   It is denied that Brian Edward Mejia was employed by any of the HCSG entities identified at any time relevant to this action.

26.    Paragraph 26 of Plaintiff's Complaint does not set forth any averments to which a response is required.

27.    Admitted in part; denied in part.  It is admitted that Healthcare Services Group, Inc., was in the business of supplying housekeeping and laundry services to senior living facilities on a contractual basis.  It is denied that Defendants, HCSG Labor Supply, LLC, HCSG Supply, Inc., HCSG Staff Leasing Solutions, LLC, or Brian Edward Mejia provided any housekeeping and laundry services to the Brighton Rehabilitation Center at any time relevant hereto.

28.    Denied.  The allegations contained in Paragraph 28 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied and strict proof is demanded at the time of trial.

29.    Admitted in part; denied in part.  It is admitted that Healthcare Services Group, Inc., entered into a contract with Comprehensive Healthcare Management Services, LLC to provide housekeeping and laundry services at the Brighton facility.  The remaining allegations contained in Paragraph 29 are denied.

30.    Denied.

31.    It is admitted that Kevin Carroll was an employee of Healthcare Services Group, Inc., and was working at the Brighton facility at all relevant times.

32.    Admitted.

## JURISDICTION AND VENUE

33.    Denied.  The allegations contained in Paragraph 33 of the Plaintiff's Complaint are conclusions of law to which no response is required.  To the extent a response is necessary, these allegations are denied.

34.    Denied.  The allegations contained in Paragraph 34 of the Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is necessary, these allegations are denied.

35.    Denied.  The allegations contained in Paragraph 35 of the Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is necessary, these allegations are denied.

## THE COVID-19 PANDEMIC

36.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters averred in Paragraph 36.

37.    Admitted, upon information and belief.

38.    Upon information and belief, on March 11, 2020, the WHO classified COVID-19 as a "pandemic".    The remaining allegations contained in Paragraph 38 are denied as the answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

39.    Admitted in part; denied in part.    The allegations contained in Paragraph 39 are admitted to the extent that they represent the knowledge accumulated over the first several months of the pandemic.    The exact extent of knowledge regarding COVID-19 by health authorities and/or the general public at any given time during the pandemic is a fact to be proven in this case.

40.    Admitted in part; denied in part.    The allegations contained in Paragraph 40 are admitted to the extent that they represent the knowledge accumulated over the first several months of the pandemic.    The exact extent of knowledge regarding COVID-19 by health authorities and/or the general public at any given time during the pandemic is a fact to be proven in this case.    Plaintiff's allegation as to why the virus was "especially dangerous" represents a conclusion of law to which no response is required.    To the extent a response is required, it is denied.

41.    Admitted in part; denied in part.    The allegations contained in Paragraph 58 are admitted to the extent that they represent the knowledge accumulated over the first several

months of the pandemic.  The exact extent of knowledge regarding COVID-19 by health authorities and/or the general public at any given time during the pandemic is a fact to be proven in this case.

42.    Admitted in part; denied in part.  The allegations contained in Paragraph 42 are admitted to the extent that they represent the knowledge accumulated over the first several months of the pandemic.  The exact extent of knowledge regarding COVID-19 by health authorities and/or the general public at any given time during the pandemic is a fact to be proven in this case.

43.    Denied.  Paragraph 43, including subparagraphs (a) through (w), are denied.  The exact extent of knowledge regarding COVID-19 by heath authorities and/or the general public at any given time during the pandemic is a fact to be proven in this case.

44.    Denied.  The allegations contained in Paragraph 44 of the Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied as the date and extent of an outbreak has not been specifically identified, nor has the extent of knowledge of each Defendant been specified by the Plaintiff.

45.    Denied.  The allegations contained in Paragraph 45 of the Complaint represent conclusions of law to which no response is required.  To the extent a response is required, it is denied that Defendant HCSG failed to take preparatory or precautionary measures to protect its workers from the COVID-19 virus and strict proof is demanded at the time of trial.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC

to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

### HISTORY OF THE BRIGHTON FACILITY
### FACTS IN SUPPORT OF PUNITIVE DAMAGES

46.     Admitted, upon information and belief.

47.     Denied.   After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Plaintiff's Complaint.

48.     Admitted, upon information and belief.

49.     Denied.   After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Plaintiff's Complaint.

50.     Denied.   After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Plaintiff's Complaint.

51.     Denied.   After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Plaintiff's Complaint.

52.     Denied.   After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Plaintiff's Complaint.

53.     Denied.  Paragraph 53 of the Plaintiff's Complaint and all of its sub-parts are denied.   After reasonable investigation, answering Defendants are without knowledge or

information sufficient to form a belief as to the truth of the matters averred in Paragraph 53, including all of its sub-parts,

54.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Plaintiff's Complaint.

55.    Denied.  The allegations contained in Paragraph 55 represent conclusions of law to which no response is required.  To the extent a response is required, it is denied that Defendant HCSG or any other answering Defendants failed or refused to protect staff, workers or residents from spread of infectious disease through the facility and strict proof thereof is demanded at the time of trial.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

56.    Denied.  The allegations contained in Paragraph 56 of the Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, it is denied that Defendant HCSG or any other answering Defendants created and/or permitted conditions or work practices that created an environment for infectious disease to be spread through facility staff and residents.  It is further denied that Defendant HCSG or any other answering Defendants acted in any manner which could be characterized as reckless or wanton at any time relevant hereto.  Strict proof thereof is demanded at the time of trial.  To the contrary, at all times relevant to this action, Defendant HCSG acted reasonably and prudently, specifically adhering to CDC and OSHA guidelines regarding the protection of employees and prevention of spread of the COVID-19 virus, and at all relevant times acted in accordance with the standard of

knowledge then existing in the community and the industry. Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

57.     Denied. The allegations contained in Paragraph 57 of the Plaintiff's Complaint represent conclusions of law to which no response is required. To a response is required, it is denied that Defendant HCSG or any answering Defendants created conditions that overwhelmed staff or understaffed and underequipped workers at the facility to deal with the spread of the COVID-19 virus. It is further denied that Defendant HCSG or any answering Defendants acted in any manner which could be characterized as wanton and reckless under the circumstances. Strict proof is demanded at the time of trial. To the contrary, at all times relevant to this action, Defendant HCSG acted in strict compliance with the CDC and OSHA guidelines regarding the protection of staff and prevention of spread of the COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry. Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

58.     Denied. The allegations contained in Paragraph 58 of the Plaintiff's Complaint represent conclusions of law to which no response is required. To the extent a response is required, it is denied that Defendant HCSG or any answering Defendants acted in any manner which could be characterized as wanton or reckless or that Defendant HCSG or any answering Defendants left workers exposed to dangerous contagions in a facility. To the contrary, at all

times relevant to this action, Defendant HCSG acted in strict compliance with CDC and OSHA guidelines regarding the protection of employees and prevention of spread of the COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry. Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

59.     Admitted in part; denied in part. It is admitted only that Defendant HCSG knew that COVID-19 posed a grave threat to staff and residents of the Brighton facility. To the extent the allegations contained in Paragraph 59 suggest that Defendant HCSG did not undertake necessary precautions pursuant to CDC and OSHA guidelines, these allegations are denied. Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

60.     Admitted in part; denied in part. It is admitted only that Defendant HCSG knew that its employees would require adequate PPE to protect themselves from infection. To the extent the allegations contained in Paragraph 60 suggest that adequate PPE was not provided, these allegations are denied. To the contrary, at all times relevant to this action, Defendant HCSG provided its employees with the PPE available at the time and specifically provided decedent, Kevin Carroll, the necessary PPE to protect him from infection. Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never

entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

61.     Denied.  The allegations contained in Paragraph 61 represent conclusions of law to which no response is required.  To the extent a response is required, it is denied that Defendant HCSG failed to take protective measures to ensure its workers were protected from the COVID-19 virus.  To the contrary, at all times relevant to this action, Defendant HCSG strictly complied with CDC and OSHA guidelines to provide workers with the necessary protective measures to prevent the spread of COVID-19 to its workers and other residents at the facility.  To the extent it is alleged otherwise, strict proof thereof is demanded at the time of trial.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

62.     Denied.  The allegations contained in Paragraph 62 represent conclusions of law to which no response is required.  To the extent a response is required, it is denied that Defendant HCSG downplayed and/or denied the danger posed to its workers at the Brighton facility by COVID-19.  To the contrary, at all times relevant to this action, Defendant HCSG strictly complied with CDC and OSHA guidelines in the protection of workers and prevention of spread of the COVID-19 virus, and at all times complied with the standard of knowledge then existing in the community and industry.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

63.     Denied.   After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 63 of the Plaintiff's Complaint.

64.     Denied.  The allegations contained in Paragraph 64 represent conclusions of law to which no response is required. To the extent a response is required, after reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 64 of the Plaintiff's Complaint and these allegations are denied.  Strict proof is demanded at time of trial.

65.     Denied.  The allegations contained in Paragraph 65 represent conclusions of law to which no response is required.  To the extent a response is required, answering Defendants are unable to respond to these allegations in the absence of a specific date or individuals involved. Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

66.     Denied.   It is specifically denied that Answering Defendants withheld any information about COVID-19 infections from staff, workers, residents, residents' families or government officials or the public at large.  It is further denied that Defendant HCSG or any other answering Defendants had specific knowledge regarding the extent of infections at the Brighton facility at any given time.  Strict proof thereof is demanded at the time of trial.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC

to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

67.    Denied.  The allegations contained in Paragraph 67 of the Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, neither Defendant HCSG nor any other answering Defendant had control over, or possessed the right to control, the isolation of contaminated wings of the hospital or to permit or require staff and nursing to traverse the entirety of the facility.  To the extent that a response is required from the answering Defendants, the allegations in Paragraph 67 are denied in that after reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged therein.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

68.    Denied.  After reasonable investigation, answering Defendants are without knowledge or information as to when the public was made aware of the Brighton outbreak.  By way of further answer, answering Defendants were not involved in the public announcement as to any outbreak at Brighton at any time relevant hereto.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

69.    Denied.  After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Plaintiff's Complaint.

70.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Plaintiff's Complaint.

71.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Plaintiff's Complaint.

72.    Denied.  It is specifically denied that Kevin Carroll did not receive PPE that was designed to protect him from exposure and strict proof thereof is demanded.

73.    Denied.  It is specifically denied that Kevin Carroll was ever required to work in any part of the facility when without the appropriate PPE and strict proof thereof is demanded

74.    Denied.  The allegations contained in Paragraph 74 of the Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, it is specifically denied that Defendant, HCSG or any answering Defendant engaged in any reckless conduct at any time relevant hereto or was responsible for the spread of the virus to staff and residents.  To the contrary, at all times relevant to this action, Defendant HCSG acted in strict accordance with the CDC and OSHA guidelines and at all times relevant hereto, in accordance with the standard of knowledge then existing in the community and the industry. Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

75.    Denied.  To the contrary, Defendant HCSG provided its staff, including Kevin Carroll and his coworkers the best available PPE to protect them from the virus.  Further,

Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

76.     Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Plaintiff's Complaint.

77.     Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Plaintiff's Complaint.

78.     Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Plaintiff's Complaint.

79.     Admitted in part; denied in part.  It is admitted only that on May 8, 2020, the National Guard was deployed to the Brighton facility.  The remaining allegations contained in Paragraph 79 are denied and strict proof thereof is demanded at the time of trial.

80.     Denied.   The allegations regarding the National Guard training is specifically denied.  To the contrary, at all times relevant to this action, Defendant HCSG provided its staff training to protect themselves from the virus and provided the best-available PPE during any given time during the pandemic.  Strict proof thereof is demanded at the time of trial.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC

to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

81.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Plaintiff's Complaint.

82.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Plaintiff's Complaint.

83.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Plaintiff's Complaint.

84.    Denied.  The allegations contained in Paragraph 84 of the Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.  Strict proof thereof is demanded at the time of trial.

85.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Plaintiff's Complaint.  Strict proof thereof is demanded.

86.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Plaintiff's Complaint.  Strict proof thereof is demanded.

87.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Plaintiff's Complaint.  Strict proof thereof is demanded.

88.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Plaintiff's Complaint.  Strict proof thereof is demanded.

89.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Plaintiff's Complaint.  Strict proof thereof is demanded.

90.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Plaintiff's Complaint.

91.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Plaintiff's Complaint.

92.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Plaintiff's Complaint.

93.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Plaintiff's Complaint.

94.    Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Plaintiff's Complaint.

95.     Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Plaintiff's Complaint.

96.     Denied.   Paragraph 96, including subparagraphs (a) and (b), are denied.   After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, including subparagraphs (a) and (b), of the Plaintiff's Complaint.

97.     Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters averred in Paragraph 97 of the Plaintiff's Complaint.

98.     Denied.    After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters averred in Paragraph 98 of the Plaintiff's Complaint.

99.     Denied.   The allegations contained in Paragraph 99 of Plaintiff's Complaint represent conclusions of law to which no response is required.   To the extent a response is required, it is specifically denied that Defendant HCSG engaged in any conduct that would be characterized as careless, negligent, reckless, or fraudulent, or made any misrepresentations to Kevin Carroll, or any other employee or staff.   Further, Defendant HCSG did not engage in any conduct that caused Kevin Carroll to suffer illness or injuries as a result of the COVID-19 virus. It is further that Kevin Carroll contracted the COVID-19 virus at the Brighton facility.   If it is established at trial that Kevin Carroll did, in fact, contract the COVID-19 virus at the Brighton facility, the contraction of the virus was not due to any conduct on the part of Defendant HCSG or any answering Defendant.   Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply,

Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

100.    Denied. The allegations contained in Paragraph 100 of Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied in that answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and strict proof thereof is demanded at the time of trial.

101.    Denied. The allegations contained in Paragraph 101 of Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied in that answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and strict proof thereof is demanded at the time of trial.

102.    Denied.  The allegations contained in Paragraph 102 of Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied in that answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and strict proof thereof is demanded at the time of trial.

103.    Denied.  The allegations contained in Paragraph 103 of Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied in that answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and strict proof thereof is demanded at the time of trial.

104.    Denied.  The allegations contained in Paragraph 104 of Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied in that answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and strict proof thereof is demanded at the time of trial.  By further response, neither Defendant HCSG nor any answering Defendant permitted or condoned substandard or unsanitary conditions at the Brighton facility or created an environment for COVID-19 to enter the facility and cause infections.  To the contrary, at all times relevant to this action, Defendant HCSG acted in strict compliance with the CDC and OSHA guidelines, properly protected its employees and trained them in prevention of the spread of the virus and acted at all times in accordance with the standard of knowledge then existing in the community and the industry.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

105.    Denied. The allegations contained in Paragraph 105 of Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

106.    The allegations contained in Paragraph 106 of Plaintiff's Complaint represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.  Defendant HCSG did not act in any manner which could be characterized

21

as outrageous under the circumstances.  To the contrary, at all times relevant to this action, Defendant HCSG acted in strict compliance with CDC and OSHA guidelines in the protection of its workers and prevention of spread of the COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

**<u>COUNT I</u>**
***Plaintiff, the Estate of Kevin Carroll v. All Defendants***
**<u>NEGLIGENCE</u>**

107.    Answering Defendants incorporate the preceding paragraphs of their Answer as if same were incorporated herein at length.

108.    Denied.  The allegations contained in Paragraph 108 are directed toward a party other than the answering Defendants and therefore, no response is required.

109.    Denied.  The allegations contained in Paragraph 109 are directed toward a party other than the answering Defendants and therefore, no response is required.

110.    It is admitted that Defendant HCSG oversaw the work and safety of its housekeeping and laundry workers at the Brighton facility at all times relevant hereto.  It is further averred that at all times relevant to this action, Defendant HCSG acted in strict compliance with the CDC and OSHA guidelines, properly protected its employees and trained them in prevention of the spread of the virus and acted at all times in accordance with the standard of knowledge then existing in the community and the industry.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing

Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

111.    Admitted in part; denied in part.  It is admitted only that Defendant HCSG supervised certain safety precautions and procedures for housekeeping and laundry staff at Brighton facility including those precautions related to COVID-19 protection and prevention. The remaining allegations contained in Paragraph 111 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.

112.    Denied.  To the extent the allegations contained in Paragraph 112 are directed to Answering Defendants, said allegations are denied as they represent conclusions of law to which no response is required.  If a response is required, said allegations are denied as Defendant HCSG acted in strict compliance with the CDC and OSHA guidelines, properly protected its employees and trained them in prevention of the spread of the virus and acted at all times in accordance with the standard of knowledge then existing in the community and the industry.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

113.    Denied.  To the extent the allegations contained in Paragraph 113 are directed to Answering Defendants, said allegations are denied as they represent conclusions of law to which no response is required.  If a response is required, said allegations are denied as Defendant HCSG acted in strict compliance with the CDC and OSHA guidelines, properly protected its employees and trained them in prevention of the spread of the virus and acted at all times in

accordance with the standard of knowledge then existing in the community and the industry.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

114.    Denied.  To the extent the allegations contained in Paragraph 114 are directed to Answering Defendant, said allegations are denied as they represent conclusions of law to which no response is required.  If a response is required, it is denied that answering Defendants exercised any control over limiting visitors, quarantining and isolating infected residents or imposing infection control protocol.  By way of further response, the remaining allegations are denied as the specific act and/or party has not been adequately identified.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

115.    Denied. The allegations contained in Paragraph 115 are directed toward a party other than the answering Defendants, and therefore no response is required.  To the extent a response is required from the answering Defendants, the allegations set forth in Paragraph 115 represent conclusions of law to which no response is required.

116.    Denied.  The allegations contained in Paragraph 116 represent conclusions of law to which no response is required.  To the extent a response is required, it is denied that Defendant HCSG or any answering Defendant did not provide Kevin Carroll with equipment to protect her from the COVID-19 virus.  To the contrary, Defendant HCSG provided to Kevin Carroll the most effective PPE available at the time and given the available knowledge then existing with

respect to the COVID-19 virus. At all times relevant hereto, Defendant HCSG acted in accordance with CDC and OSHA guidelines and in accordance with the standard of knowledge then existing in the community and the industry. By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

117.    Denied. Paragraphs 117, including subparagraphs (a) through (fff), represent conclusions of law to which no response is required. To the extent a response is required, Paragraphs 117, including subparagraphs (a) through (fff), are denied and strict proof thereof is demanded at the time of trial. At no time relevant hereto did Defendant HCSG or any answering Defendant act in any manner which could be characterized as negligent, careless or reckless under the circumstances nor did Defendant HCSG or any answering Defendant ignore the risk of COVID or fail to protect its workers at any time relevant hereto. To the contrary, at all times relevant to this action, Defendant HCSG acted in strict compliance with CDC and OSHA guidelines to protect its workers and prevent the spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry. By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

118.    Denied. The allegations contained in Paragraph 118 represent conclusions of law to which no response is required. To the extent a response is required, these allegations are denied. By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply,

Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

119.    Denied.  The allegations contained in Paragraph 119 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.  At no time relevant hereto did Defendant HCSG or any answering Defendant act in any manner which could be characterized as negligent, willful, reckless or wanton or act with an indifference to members of the public or to Kevin Carroll.  To the contrary, at all times relevant hereto,  Defendant HCSG acted in strict accordance with the CDC and OSHA guidelines for the protection of its workers and prevention of spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

WHEREFORE, the Defendants, Healthcare Services Group, Inc., HCSG Labor Supply, LLC, HCSG Supply, Inc. HCSG Staff Leasing Solutions, LLC and Brian Edward Mejia, respectfully request judgment in their favor and against all other parties.

### COUNT II
### Plaintiff, the Estate of Kevin Carroll v. All Defendants
### FRAUDULENT MISREPRESENTATION

120.    Answering Defendants incorporate the preceding paragraphs of their Answer as if same were incorporated herein at length.

121.    Denied.  The allegations contained in Paragraph 121 are directed toward a party other than the answering Defendants and therefore, no response is required.  To the extent a response is required from the answering Defendants, these allegations represent conclusions of law to which no response is required.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

122.    Denied.  The allegations contained in Paragraph 122 represent conclusions of law to which no response is required.  To the extent a response is required, at all times relevant to this action, Defendant HCSG acted in strict compliance with CDC and OSHA guidelines to protect its workers and prevent the spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

123.    Admitted in part; denied in part.  It is admitted only that Defendant HCSG knew that certain staff of Brighton and/or residents of Brighton had become infected with COVID-19 or were displaying symptoms consistent with COVID-19 sometime prior to April 1, 2020.  The remaining allegations of in Paragraph 123 are denied.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

124.    Denied.  The allegations contained in Paragraph 124 represent conclusions of law to which no response is required. To extent a response is required, answering Defendants are unable to admit or deny these allegations as the specific act, acts and/or parties have not been adequately identified.  At all times relevant to this action, Defendant HCSG acted in strict compliance with CDC and OSHA guidelines to protect its workers and prevent the spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry. By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

125.    Admitted in part; denied in part.  It is admitted only that sometime in March of 2020, Defendant HCSG was aware that staff, workers and/or residents at Brighton had become infected with COVID-19.  The remaining allegations in Paragraph 125 are denied.  At all times relevant to this action, Defendant HCSG acted in strict compliance with CDC and OSHA guidelines to protect its workers and prevent the spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry. By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

126.    Denied.  Defendant HCSG, nor any other answering Defendant, did not withhold any information it had regarding COVID-19 infections from its staff or workers.  Strict proof thereof is demanded at the time of trial.  By way of further response, Defendants, HCSG Labor

Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

127.   Denied.  It is specifically denied that Defendant HCSG did not warn its staff or workers that others at Brighton had become infected with COVID-19 prior to April 1, 2020.  By way of further answer, Defendant HCSG's staff and/or workers were aware, as early as March 13, 2020, that temperature testing and questioning were ongoing prior to entry to the facility and that COVID-19 cases existed in the facility.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

128.   Denied.  The allegations contained in Paragraph 128 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied. Defendant HCSG did not misrepresent to staff or workers that there was "no risk of infection" or that "workers were unlikely to become infected" nor did it withhold, deliberately or otherwise, any knowledge of other workers at the Brighton facility who may have become infected with COVID-19.  To the contrary, at all times relevant to this action, Defendant HCSG informed and monitored its staff, which was acutely aware of the ongoing risk and presence of the COVID-19 virus during the relevant period.  By way of further response, Kevin Carroll was acutely aware of the existence of COVID-19 in the Brighton facility and continued working despite being provided the FMLA option by his employer.   Strict proof of any direct misrepresentations to staff or workers on the part of answering Defendants are specifically demanded at the time of trial.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply,

Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

129.    Denied.  The allegations contained in Paragraph 129 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.   It is specifically denied that Defendant HCSG or any answering Defendant misrepresented, fraudulently or otherwise, the risk of infection to its staff or employees or that they acted in any manner to induce its workers to continue to work at the facility.  To the contrary, Defendant HCSG completely informed its staff of the risk of COVID-19 virus in the facility, provided the necessary PPE and training to protect the staff and provided staff the option to stop working if the risk of infection was a concern to that employee.  By way of further response, Kevin Carroll was acutely aware of the risk of the COVID-19 virus within the Brighton facility and insisted on continuing his work at the facility.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

130.    Denied:  The allegations contained in Paragraph 130 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.  It specifically denied that Defendant HCSG or any answering Defendant misrepresented, fraudulently or otherwise, the risk of infection to its staff or employees or that they acted in any manner to induce its workers to continue to work at the facility.  To the contrary, Defendant HCSG completely informed its staff of the risk of COVID-19 virus in the facility, provided the necessary PPE and training to protect the staff and provided staff the option to stop working if

30

the risk of infection was a concern to that employee.  By way of further response, Kevin Carroll was acutely aware of the risk of the COVID-19 virus within the Brighton facility and insisted on continuing his work at the facility.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

131.     Denied.  The allegations contained in Paragraph 131 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.  It specifically denied that Defendant HCSG or any answering Defendant misrepresented, fraudulently or otherwise, the risk of infection to its staff or employees or that they acted in any manner to induce its workers to continue to work at the facility.  To the contrary, Defendant HCSG completely informed its staff of the risk of COVID-19 virus in the facility, provided the necessary PPE and training to protect the staff and provided staff the option to stop working if the risk of infection was a concern to that employee.  By way of further response, Kevin Carroll was acutely aware of the risk of the COVID-19 virus within the Brighton facility and insisted on continuing his work at the facility.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

132.     Denied.  The allegations contained in Paragraph 132 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.  It specifically denied that Defendant HCSG or any answering Defendant misrepresented, fraudulently or otherwise, the risk of infection to its staff or employees or that they acted in any

manner to induce its workers to continue to work at the facility. To the contrary, Defendant HCSG completely informed its staff of the risk of COVID-19 virus in the facility, provided the necessary PPE and training to protect the staff and provided staff the option to stop working if the risk of infection was a concern to that employee. By way of further response, Kevin Carroll was acutely aware of the risk of the COVID-19 virus within the Brighton facility and insisted on continuing his work at the facility. Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

133.    Denied. The allegations contained in Paragraph 133 represent conclusions of law to which no response is required. To the extent a response is required, these allegations are denied. It is specifically denied that Defendant HCSG or any answering Defendant withheld any knowledge of the extent of the COVID-19 infections known to them at Brighton at any time relevant hereto. It is further denied that Defendant HCSG or any answering Defendant acted willfully or intentionally at any time relevant hereto. To the contrary, Defendant HCSG completely informed its staff and workers which were acutely aware of the knowledge the existence of COVID-19 infections at Brighton facility. By way of further response, Kevin Carroll was acutely aware of the existence of COVID-19 infections at Brighton at all times relevant hereto. Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

134.    Denied.  The allegations contained in Paragraph 134 represent conclusions of law to which no response is required.  To the extent a response is required, it is specifically denied that Defendant HCSG or any answering Defendants made any misrepresentations to Kevin Carroll or any other worker or staff regarding the existence of COVID-19 infections at the Brighton facility.  To the contrary, at all times relevant hereto, Kevin Carroll and his coworkers were temperature tested and questioned every day upon entering the facility regarding their exposure to COVID-19 and/or any symptoms that they might be experiencing.  By way of further response, Kevin Carroll and his coworkers were acutely aware of the existence of COVID-19 cases at the Brighton facility and continued to work despite having been provided an option to stop working if concerns over the virus were expressed.  Strict proof thereof is demanded at the time of trial.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

135.    Denied.  The allegations contained in Paragraph 135 represent conclusions of law to which no response is required.  To extent a response is required, it is specifically denied that Kevin Carroll relied on any representation by Defendant HCSG or any answering Defendant regarding the existence of COVID-19 at the Brighton facility or that he became infected with COVID-19 virus while working at the Brighton facility.  Strict proof thereof is demanded at the time of trial.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

WHEREFORE, the Defendants, Healthcare Services Group, Inc., HCSG Labor Supply, LLC, HCSG Supply, Inc. HCSG Staff Leasing Solutions, LLC and Brian Edward Mejia, respectfully request judgment in their favor and against all other parties.

## COUNT III
### Plaintiff, the Estate of Kevin Carroll v. All Defendants
### INTENTIONAL MISREPRESENTATION

136.    Answering Defendants incorporate the preceding paragraphs of their Answer as if same were incorporated herein at length.

137.    Denied.. The allegations contained in Paragraph 137 are directed toward a party other than the answering Defendants and therefore no response is required.  To the extent a response is required from the answering Defendants, these allegations represent conclusions of law to which no response is required.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

138.    Denied. The allegations contained in Paragraph 138 are directed toward a party other than the answering Defendants.  To the extent a response is required from the answering Defendants, these allegations represent conclusions of law to which no response is required.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

139.    Denied. The allegations contained in Paragraph 139 represent conclusions of law to which no response is required.  To the extent a response is required, at all times relevant

hereto,  Defendant HCSG acted in strict accordance with the CDC and OSHA guidelines for the protection of its workers and prevention of spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC,  and Quality Business Solutions, Inc. never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

140.    Denied.  The allegations contained in Paragraph 140 represent conclusions of law to which no response is required.  To the extent a response is required, Defendant HCSG and answering Defendants are without knowledge or information sufficient to respond to these allegations as a specific time has not been adequately identified.  By way of further response, Defendant HCSG did not represent to Kevin Carroll or any other worker that there was no COVID-19 virus existing at the facility at any time relevant hereto.  At all times relevant hereto, Defendant HCSG acted in strict accordance with the CDC and OSHA guidelines for the protection of its workers and prevention of spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry.  By way of further response, Defendants HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

141.    Denied.  The allegations contained in Paragraph 141 represent conclusions of law to which no response is required.  To the extent a response is required, Defendant HCSG and answering Defendants are without knowledge or information sufficient to respond to these

allegations as the specific time has not been adequately identified. By way of further response, Defendant HCSG did not represent to Kevin Carroll or any other worker that there was no COVID-19 virus existing at the facility at any time relevant hereto. At all times relevant hereto, Defendant HCSG acted in strict accordance with the CDC and OSHA guidelines for the protection of its workers and prevention of spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry. By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

142.     Denied. The allegations contained in Paragraph 142 represent conclusions of law to which no response is required. To the extent a response is required, Defendant HCSG and answering Defendants are without knowledge or information sufficient to respond to these allegations as the specific time has not been adequately identified. By way of further response, Defendant HCSG did not represent to Kevin Carroll or any other worker that there was no COVID-19 virus existing at the facility at any time relevant hereto. At all times relevant hereto, Defendant HCSG acted in strict accordance with the CDC and OSHA guidelines for the protection of its workers and prevention of spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry. By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

143.    Denied.  The allegations contained in Paragraph 143 represent conclusions of law to which no response is required.  To the extent a response is required, Defendant HCSG and answering Defendants are without knowledge or information sufficient to respond to these allegations as the specific time has not been adequately identified.  By way of further response, Defendant HCSG did not represent to Kevin Carroll or any other worker that there was no COVID-19 virus existing at the facility at any time relevant hereto.  At all times relevant hereto, Defendant HCSG acted in strict accordance with the CDC and OSHA guidelines for the protection of its workers and prevention of spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry.  By way of further response, Defendant,s HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

144.    Denied.  The allegations contained in Paragraph 144 represent conclusions of law to which no response is required.  To extent a response is required, it is specifically and utterly denied that answering Defendant at any time relevant hereto misrepresented the risk of COVID-19 infections to its workers, including Kevin Carroll.  To the contrary, at all times relevant to this action,  Defendant HCSG completely and accurately informed its workers, including Kevin Carroll, of the existence of the COVID-19 virus in the facility and provided the necessary PPE and safety precautions as well as an option to discontinue work if the concern over the virus was expressed by the worker.  At all times relevant to this action, Kevin Carroll was aware of the existence of COVID-19 infections at the facility, the dangers associated with the existence of the virus and his previous medical history, and nevertheless continued to work despite this

knowledge.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

145.    Admitted in part; denied in part.  It is admitted only that during the relevant time, Defendant HCSG had knowledge of the risk and presence of COVID-19 infections at the Brighton facility.  The remaining allegations are conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.  By way of further answer, it is specifically denied that Kevin Carroll contracted the COVID-19 virus at the Brighton facility and strict proof thereof is demanded.  Further, Defendants HCSG Labor Supply, LCC, HCSG Supply, Inc., HCSG Staff Leasing Solutions, LLC and Quality Business Solutions, Inc. never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

146.    Denied.  The allegations contained in Paragraph 146 represent conclusions of law to which no response is required.  To extent a response is required, it is specifically denied that Defendant HCSG or any other answering Defendant was not equipped to deal, as best as available under the circumstances, to protect workers and prevent the spread of infection.  To the contrary, at all times relevant, Defendant HCSG acted in strict compliance with CDC and OSHA guidelines for the protection of its workers and prevention of spread of the COVID-19 virus, and at all times acted in accordance with the knowledge then existing in the industry.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC

to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

147.     Admitted in part; denied in part.  It is admitted only that some workers, including, Kevin Carroll, were at risk for severe and potentially fatal COVID-19 infection due to age or pre-existing medical conditions.  It is further admitted that those employees were extended an option to take FMLA leave and retain his employment until the virus had passed.  If indeed, Kevin Carroll had an underlying medical condition that placed him at risk, it is averred that he did not take FMLA leave despite his own awareness of this risk.  The remaining allegations contained in Paragraph 147 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.  Further, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

148.     Denied.  The allegations contained in Paragraph 148 represent conclusions of law to which no response is required.  To the extent a response is required, answering Defendants are unable to admit or deny these allegations as the specific timeframe has not been adequately identified.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

149.     Denied.  It is specifically denied that Defendant HCSG or any answering Defendant required staff and worker attendance despite the existence of COVID-19 infections at the Brighton facility at anytime relevant hereto.  It is further denied that Defendant HCSG

required the attendance of Kevin Carroll despite the existence of COVID-19 infections.  To the contrary, Defendant HCSG offered workers, including Kevin Carroll, FMLA leave during the COVID period.  The remaining allegations contained in Paragraph 149 regarding the opening of facility to visitors is denied as Defendant HCSG had no control over keeping the facility open to visitors and requiring staff and worker attendance.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

150.    Denied.    It is specifically denied that Defendant HCSG or any answering Defendant intentionally misrepresented the safety of the facility at any time relevant hereto.  The remaining allegations contained in Paragraph 150 are directed toward a party other than answering Defendants.  To the extent a response is required from answering Defendants, these allegations are denied.  By way of further response, Defendants HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

151.    Denied.  The allegations contained in Paragraph 151 represent conclusions of law to which no response is required.  To the extent a response is required, Defendant HCSG and answering Defendants specifically deny that they misrepresented or deceived workers, intentionally or otherwise, into believing that Brighton was safe from the COVID-19 virus or that they made any representations to ensure that workers continued to show up for their shifts. To the contrary, at all times relevant to this action, Defendant HCSG completely and accurately informed its workers and staff as to the existence of the COVID-19 virus and offered workers,

including Kevin Carroll, the option to stop working if the concern over the COVID-19 virus was expressed.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

152.    Denied.  The allegations contained in Paragraph 152 represent conclusions of law to which no response is required.  To the extent a response is required, Defendant HCSG and answering Defendants specifically deny that they misrepresented or deceived workers, intentionally or otherwise, into believing that Brighton was safe from the COVID-19 virus or that they made any representations to ensure that workers continued to show up for their shifts. To the contrary, at all times relevant to this action, Defendant HCSG completely and accurately informed its workers and staff as to the existence of the COVID-19 virus and offered workers, including Kevin Carroll, the option to stop working if the concern over the COVID-19 virus was expressed.  By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

153.    Denied.  The allegations contained in Paragraph 153 represent conclusions of law to which no response is required.  To the extent a response is required, Defendant HCSG and answering Defendants specifically deny that they misrepresented or deceived workers, intentionally or otherwise, into believing that Brighton was safe from the COVID-19 virus or that they made any representations to ensure that workers continued to show up for their shifts. To the contrary, at all times relevant to this action, Defendant HCSG completely and accurately

informed its workers and staff as to the existence of the COVID-19 virus and offered workers, including Kevin Carroll, the option to stop working if the concern over the COVID-19 virus was expressed. By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

154. Denied. Paragraph 154, including subparagraphs (a) through (n), represent conclusions of law to which no response is required. To the extent a response is required, it is specifically denied that Defendant HCSG or any answering Defendant acted in any manner which could be characterized as negligent, careless, reckless, outrageous or that it made any misrepresentations to Kevin Carroll or his coworkers regarding the presence of COVID-19 infection, or the safety of the premises. To the contrary, at all times relevant to this action, Defendant HCSG acted in strict compliance with the CDC and OSHA guidelines for the protection of its workers and the prevention of the spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry. By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

155. Denied. The allegations contained in Paragraph 155 represent conclusions of law to which no response is required. To the extent a response is required, it is specifically denied that Defendant HCSG or any answering Defendant acted in any manner which could be characterized as negligent, careless, reckless, wanton or outrageous or that it made any

misrepresentations to Kevin Carroll or his coworkers regarding the presence of COVID-19 infection, or the safety of the premises. To the contrary, at all times relevant, Defendant HCSG acted in strict compliance with the CDC and OSHA guidelines for the protection of its workers and the prevention of the spread of COVID-19 virus, and at all times acted in accordance with the standard of knowledge then existing in the community and the industry. It is specifically denied that Defendant HCSG or any answering Defendant acted in any manner which could be characterized as a disregard for the safety of its workers. By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

156.    Denied. The allegations contained in Paragraph 156 represent conclusions of law to which no response is required. To the extent a response is required, it is specifically denied that Defendant HCSG or any answering Defendant made any misrepresentation regarding the existence or risk of COVID-19 to Kevin Carroll at any time relevant hereto. It is further denied Kevin Carroll contracted the COVID-19 virus at his work at the Brighton facility and strict proof thereof is demanded. By way of further response, Defendants, HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

157.    Denied. The allegations contained in Paragraph 157 represent conclusions of law to which no response is required. To the extent a response is required, it is specifically denied that Defendant HCSG or any answering Defendant made any misrepresentation regarding the

existence or risk of COVID-19 to Kevin Carroll at any time relevant hereto. It is further denied that Kevin Carroll contracted the COVID-19 virus at his work at the Brighton facility, and strict proof thereof is demanded. By way of further response, Defendants HCSG Labor Supply, LCC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

158.    Denied. The allegations contained in Paragraph 158 represent conclusions of law to which no response is required. To the extent a response is required, these allegations are denied. By way of further response, Defendants, HCSG Labor Supply, LCC, and HCSG Supply, Inc., HCSG Staff Leasing Solutions, LLC, never entered into a contract with Comprehensive Healthcare Management Services, LLC to supply workers to the Brighton facility to assist with housekeeping, laundry or any other services.

WHEREFORE, the Defendants, Healthcare Services Group, Inc., HCSG Labor Supply, LLC, HCSG Supply, Inc. HCSG Staff Leasing Solutions, LLC and Brian Edward Mejia, respectfully request judgment in their favor and against all other parties.

**COUNT IV**
**Plaintiff, the Estate of Kevin Carroll v. All Defendants**
**WRONGFUL DEATH**

159.    Answering Defendants incorporate the preceding paragraphs of their Answer as if same were incorporated herein at length.

160.    Denied. After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160.

44

161.    Denied.   After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161.

162.    Denied.  The allegations contained in Paragraph 162 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied in that after reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162.

163.    Denied.  The allegations contained in Paragraph 163 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied in that after reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163.

164.    Denied.  The allegations contained in Paragraph 164 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied in that after reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164.

WHEREFORE, the Defendants, Healthcare Services Group, Inc., HCSG Labor Supply, LLC, HCSG Supply, Inc. HCSG Staff Leasing Solutions, LLC and Brian Edward Mejia, respectfully request judgment in their favor and against all other parties.

## COUNT V
### Plaintiff, the Estate of Kevin Carroll v. All Defendants
### SURVIVAL ACT

165.    Answering Defendants incorporate the preceding paragraphs of their Answer as if same were incorporated herein at length.

166.    Denied.  The allegations contained in Paragraph 166 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied in that after reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166.  It is denied that Kevin Carroll contracted the COVID-19 virus at the Brighton facility or that the COVID-19 virus was the cause of his death and strict proof thereof is hereby demanded.

167.    Denied.  The allegations contained in Paragraph 167 represent conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied in that after reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

168.    Denied.   Each and every allegation contained in Plaintiff's Complaint not otherwise addressed above is denied.

WHEREFORE, the Defendants, Healthcare Services Group, Inc., HCSG Labor Supply, LLC, HCSG Supply, Inc. HCSG Staff Leasing Solutions, LLC and Brian Edward Mejia, respectfully request judgment in their favor and against all other parties.

## FIRST DEFENSE

169.    Plaintiff's Complaint fails to state a claim against Defendants Healthcare Services Group, Inc., ("HCSG"), HCSG Labor Supply, LLC, HCSG Supply, Inc. HCSG Staff Leasing Solutions, LLC and Brian Edward Mejia upon which relief can be granted.

## SECOND DEFENSE

170.    Plaintiff has failed to state a cause of action in fraudulent misrepresentation upon which may be granted.

### THIRD DEFENSE

171.    Plaintiff has failed to state a cause of action for intentional misrepresentation upon which relief may be granted.

### FOURTH DEFENSE

172.    Plaintiff has failed to state a cause of action for punitive damages upon which relief may be granted.

### FIFTH DEFENSE

173.    Plaintiff's cause of action is barred by the terms of provisions of the Pennsylvania Workers' Compensation Act, 77 P.S. § 1 et. seq.

174.    Plaintiff's cause of action is barred by the exclusivity provisions of the Pennsylvania Workers' Compensation Act, 77 P.S. § 472 et. seq.

175.    At all times relevant to this action, Plaintiff's decedent, Kevin Carroll, was an employee of Healthcare Services Group, Inc.

176.    If indeed Plaintiff's decedent did contract COVID-19 in the course and scope of her employment with HCSG, Plaintiff's claims against his supervisor and fellow employee, Edward Mejia, are barred by the exclusivity provisions of the Pennsylvania Workers' Compensation Act, 77 P.S. § 72.

177.    Plaintiff has failed to exhaust all remedies available to Plaintiff's decedent under the Pennsylvania Workers' Compensation Act.

### SIXTH DEFENSE

178.    At no time relevant to this action, did Defendant HCSG misrepresent the existence of severity of COVID-19 infection in the Brighton Center to any of its employees or staff.

179.    At no time relevant to this action, did Defendant HCSG force any employee to work at the Brighton Center while COVID-19 infections were present in the facility.

## SEVENTH DEFENSE

180.    At all times relevant to this action, Defendant HCSG acted in strict compliance with the CDC and OSHA guidelines for the protection of its workers and prevention of spread of the COVID-19 virus, and all times in accordance with the standard of knowledge then existing in the industry and community.

181.    At all times relevant to this action, Plaintiff's decedent, Kevin Carroll, was fully informed as to the existence of COVID-19 virus at the Brighton Center and was provided the option of FMLA leave based on any concern over the COVID–19 virus.

182.    At all times relevant to this action, Plaintiff's decedent, Kevin Carroll, was fully familiar with his own age and pre-existing health conditions that placed him at greater risk for the COVID virus.

183.    Despite Kevin Carroll's knowledge regarding his age and preexisting medical conditions, he refused FMLA leave and insisted on continuing work at the Brighton Center.

## EIGHTH DEFENSE

184.    Plaintiff's decedent, Kevin Carroll, was provided with all appropriate PPE that was available at the time.

185.    Upon information and belief, Plaintiff's decedent, Kevin Carroll, appropriately utilized all PPE that was assigned to him, including the N-95 mask.

186.    Plaintiff's decedent, Kevin Carroll, was under an obligation to utilize all PPE provided to him by his employer.

187.    If, in fact, Plaintiff's decedent, Kevin Carroll, contracted COVID-19 at the Brighton Center during his employment with Defendant HCSG, facts of which are denied by answering Defendants, the contracting of the disease was due to Plaintiff's decedent's failure to properly utilize PPE and take precautions for his own safety.

### NINTH DEFENSE

188.    No act and/or omission on the part of any answering Defendant caused Kevin Carroll's death.

189.    Plaintiff cannot establish a causal relationship between Kevin Carroll's death and his work at the Brighton facility.

### TENTH DEFENSE

190.    Answering Defendants are entitled to immunity under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. ,sec. 247d-6d.

191.    Pursuant to the PREP Act, HCSG is a "qualified person" and therefore, entitled to immunity for use of covered counter measures under the Act.

192.    Plaintiff's Complaint alleges claims involving a "current activity relative to covered counter measures" namely, HCSG's administration of counter measures such as safety equipment, PPE, face masks, gloves to prevent or mitigate the spread of COVID-19 and therefore, Plaintiff's claims are completely preempted by the PREP Act.

193.    Plaintiff has failed to exhaust administrative remedies under the PREP Act.

### ELEVENTH DEFENSE

194.    Kevin Carroll was aware of the circumstances alleged in the Complaint, facts of which are denied by answering Defendant and/or should have been aware of said circumstances, and therefore, assumed the risk incident to said circumstances.

## TWELFTH DEFENSE

195.    Plaintiff's cause of action are barred by the doctrine of superseding and/or any intervening cause.

## THIRTEENTH DEFENSE

196.    Plaintiff's claims are barred by the doctrine of wavier and/or estoppel.

## FOURTEENTH DEFENSE

197.    If indeed Plaintiff's decedent did sustain injury as alleged in Plaintiff's Complaint, facts of which are denied by answering Defendants, said injury caused by the accident and/or omissions of third parties for whom answering Defendants had no responsibility and for whose actions, answering Defendants are not responsible.

## FIFTEENTH DEFENSE

198.    Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## SIXTEENTH DEFENSE

199.    Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

## SEVENTEENTH DEFENSE

200.    Plaintiff's claims are barred and/or noted due to spoliation of evidence.

## CROSSCLAIM DIRECTED TO DEFENDANT
## COMPREHENSIVE HEALTHCARE MANAGEMENT, LLC

201.    Answering Defendants hereby incorporate by reference the preceding paragraphs of its Answer and Affirmative and Additional Defendants as if same were fully set forth herein at length.

202.    If indeed Plaintiff did sustain any compensable damages as alleged in the Plaintiff's Complaint, facts of which are denied, said injuries and damages were caused by the acts and/or omissions of the Defendant, Comprehensive Healthcare Management, LLC, as alleged in the Plaintiff's Complaint.

203.    Due to its acts and/or omissions, Defendant Comprehensive Healthcare Management LLC is solely liable to the Plaintiff, jointly and severally liable to the Plaintiff and/or liable over to answering Defendants for contribution and/or indemnification for any of the causes of action alleged in the Plaintiff's Complaint and for the whole of any amount which may be awarded in favor of the Plaintiff and against answering Defendants.

WHEREFORE, the Defendants, Healthcare Services Group, Inc., HCSG Labor Supply, LLC, HCSG Supply, Inc., HCSG Staff Leasing Solutions, LLC and Brian Edward Mejia, respectfully request judgment in their favor and against all other parties.

JURY TRIAL DEMANDED.


Respectfully submitted,

CIPRIANI & WERNER, P.C.

Date:  10/28/2021

Jennifer M. Swistak, Esquire
PA I.D. #75959
650 Washington Road – Suite 700
Pittsburgh, PA  15228
(412) 563-2500
jswistak@c-wlaw.com
Counsel for Defendants,
Healthcare Services Group, Inc., HCSG Labor
Supply, LLC, HCSG Supply, Inc., HCSG Staff
Leasing Solutions, LLC and Brian Edward Mejia