IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL CARROLL, as administrator of the ESTATE OF KEVIN CARROLL and in her own right, | ) ) ) ) Civil Action No. 21-1298 ) District Judge David S. Cercone |
| Plaintiff, | ) Magistrate Judge Maureen P. Kelly ) |
| v. | ) Re: ECF No. 9 ) |
| COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC *doing business as BRIGHTON REHABILITATION AND WELLNESS CENTER*, HEALTHCARE SERVICES GROUP, INC., HCSG LABOR SUPPLY, LLC, HCSG SUPPLY, INC., HCSG STAFF LEASING SOLUTIONS, LLC, BRIAN EDWARD MEJIA, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Plaintiff April Carroll, as administrator of the Estate of Kevin Carroll ("Carroll"), and in her own right ("Plaintiff"), brings this action arising out of Carroll's alleged exposure to and death from COVID-19 while working at the Brighton Rehabilitation and Wellness Center. ECF No. 3-2. Presently before the Court is Plaintiff's Motion to Remand. ECF No. 9. For the following reasons, it is respectfully recommended that the Motion to Remand be denied.

II. REPORT

   A. FACTUAL AND PROCEDURAL HISTORY

      1. **Factual Allegations**

In her Complaint, Plaintiff alleges that Carroll worked at the Brighton Rehabilitation and Wellness ("Brighton") nursing home facility, where he provided housekeeping and laundry services. ECF No. 3-2 ¶¶ 3, 73; see also ECF No. 10 at 4. Brighton is a care facility for the elderly and others requiring long-term care. ECF No. 3-2 ¶ 48. At all relevant times, it housed approximately 750 long and short-term care residents. Id. ¶ 49.

Defendant Comprehensive Healthcare Management Services, LLC ("CHMS") purchased the Brighton facility in 2014. Id. ¶ 47. After CHMS purchased the facility, it was repeatedly cited by the Pennsylvania Department of Health for violations. Id. ¶¶ 50, 53. The facility was underfunded and understaffed. Id. ¶ 51. The staff it did have was undertrained. Id.

Defendants Healthcare Services Group, Inc., HCSG Labor Supply, LLC, HCSG Supply, Inc., and HCSG Staff Leasing Solutions, LLC (the "HCSG entities") were in the business of supplying housekeeping and laundry services to senior living facilities on a contract basis. Id. ¶ 27. CHMS contracted with the HCSG entities to supply workers for Brighton, including Carroll. Id. ¶ 29. The HSCG entities also employed Defendant Edward Mejia ("Mejia"), who worked at Brighton and oversaw Brighton employees and their management, training, supervision and working conditions. Id. ¶¶ 25, 30.

When the COVID-19 pandemic occurred, Plaintiff claims that Defendants failed to take any protective measures to ensure that workers and residents were protected from exposure to the virus. Id. ¶ 61. After the first positive COVID-19 case at Brighton in March 2020, unsanitary

conditions, lack of personal protective equipment ("PPE"), and the absence of infection control practices caused the virus to "run rampant" in the facility. Id. ¶ 64.

In or about March and April 2020, there was a COVID-19 outbreak at the Brighton facility. At its peak, the Brighton outbreak accounted for 65% of all COVID-19 cases and 90% of all COVID-19 deaths in Beaver County, Pennsylvania. Id. ¶ 6. It was one of the most lethal COVID-19 nursing home outbreaks in the United States. Id. ¶ 7.

By the middle of April 2020, the facility stopped tracking positive COVID-19 cases and operated under the assumption that everyone at the facility was infected. Id. ¶ 76. On May 2, 2020, the State of Pennsylvania cited Brighton for immediate jeopardy violations and placed a temporary manager in charge to oversee the facility. Id. ¶ 77. Housing and laundry staff, including Carroll, did not receive PPE despite being required to work in facility wings and hospital rooms with individuals infected by COVID-19. Id. ¶¶ 72-73.

United States Representative Conor Lamb called for a federal investigation into Brighton over concerns of "lax oversight" at the facility. Id. ¶ 78. The Pennsylvania National Guard was deployed to Brighton on May 8, 2020, and Pennsylvania officials designated an independent full-time manager for the site to handle the COVID-19 outbreak. Id. ¶¶ 79-81.

Carroll contracted COVID-19 during the Brighton outbreak in April 2020. Id. ¶¶ 85, 89. After Carroll first exhibited COVID-19 symptoms, he was permitted to return to work after two days without being tested for the virus. Id. ¶¶ 85-88. Upon his return to work on April 17, 2020, he became dizzy during his shift and ultimately tested positive for COVID-19. Id. ¶ 89. Carroll later died from the virus on June 24, 2020, at the age of 54. Id. ¶ 2. He was one of at least 108 staff members at Brighton to contract the virus and one of 80 to die from it. Id. ¶ 83.

Based on these allegations, Plaintiff brings tort claims under Pennsylvania state law for negligence; fraudulent misrepresentation; intentional misrepresentation; wrongful death against all Defendants. She also brings a claim under the Pennsylvania Survival Act, 42 Pa.C.S.A. § 8302. Id. ¶¶ 107-167.

2. **Removal**

Plaintiff originally filed her Complaint on September 20, 2021 in the Court of Common Pleas of Allegheny County, Pennsylvania (the "state court"). ECF No. 3-1. Before Plaintiff served the Complaint, the HCSG entities and Mejia (collectively, the "HCSG Defendants") filed a Notice of Removal in this action on September 28, 2021. ECF No. 3.[1] On the same day, the HCSG Defendants also filed a Notice of their Notice of Removal in state court. ECF No. 9-9 at 3.

The HCSG Defendants assert three grounds for federal jurisdiction. First, they claim that diversity jurisdiction exists under 28 U.S.C. § 1332 because all parties are diverse and the amount in controversy exceeds $75,000. ECF No. 3 ¶¶ 11-15. In particular, the HCSG Defendants assert that all Defendants are citizens of Pennsylvania and/or New York,[2] and Plaintiff and Carroll were at all relevant times citizens of Ohio.[3] Id. ¶¶ 4-9. Although the HCSG Defendants note that the Forum Defendant Rule set forth in 28 U.S.C. § 1442(b)(1) generally precludes defendants of the

---

[1] The Notice of Removal was originally filed at ECF No. 1, but it was subsequently re-filed to correct a filing error.

[2] Plaintiff disputes the HCSG Defendants' assertion in the Notice of Removal that CHMS is incorporated in whole or in part in New York, ECF No. 3 ¶ 10, referring the Court in part to CHMS's admission in another matter that it is "a limited liability corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a registered business address of 246 Friendship Circle, Beaver, Pennsylvania 15009." ECF No. 10 at 4 (citing, e.g., CHMS's Answer to Complaint in Sherod v. CHMS, et al., No. GD-20-007319, at ECF No. 9-7 ¶ 11). However, no parties claim that CHMS is a citizen of Ohio, and there is no dispute that complete diversity exists among the parties.

[3] Although Plaintiff alleges in her Complaint that Carroll was a resident of Pennsylvania, the letters of authority appointing April Carroll as administratrix of Carroll's estate indicate that Carroll was domiciled in East Liverpool, Ohio and Plaintiff asserts that Carroll was, in fact, a resident of Ohio in her Motion to Remand. ECF No. 3-2 ¶ 8; ECF No. 10 at 4; ECF No. 9-3 at 39.

4

forum state (in this case, Pennsylvania) from removing on the basis of diversity jurisdiction, they claim this rule does not preclude them from removing this case because Defendants had not been served yet when the HCSG Defendants removed this action. Id. ¶ 12 (citing Encompass v. Ins. Co. v. Stone Mansion Restaurants, Inc., 902 F.3d 147 (3d Cir. 2018)).

Second, the HCSG Defendants claim that removal is proper pursuant to federal question jurisdiction, 28 U.S.C. § 1331. The HCSG Defendants assert that Plaintiff's claims arising out of his alleged exposure to COVID-19 are preempted by the Public Readiness and Emergency Preparedness Act (the "PREP Act"), 42 U.S.C. § 247d-6d(a)(1), so that significant federal issues arise under federal law. Id. ¶¶ 17-33.

Third, the HCSG Defendants claim that removal is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). In support, they contend they were acting at the specific instruction and oversight of the federal government in responding to the COVID-19 outbreak. Id. ¶¶ 34-45.

On November 6, 2021, Defendant Comprehensive Healthcare Management Services, LLC ("CHMS") joined in the HCSG Defendants' removal. ECF No. 17.[4]

### 3. Motion to Remand

Plaintiff filed the instant Motion to Remand and Brief in Support on October 28, 2021. ECF Nos. 9 and 10.[5] The HCSG Defendants filed a Response in opposition to the Motion to Remand on November 18, 2021. ECF No. 24.

In their Response, the HCSG Defendants notified the Court there was a discrepancy between the date they electronically filed their Notice of Removal and received notice the filing fee had been accepted (September 28, 2021) and the original filing date listed on the docket

---

[4] The Joinder to Notice of Removal was originally filed at ECF No. 16. It was re-filed to correct a filing error.
[5] The Motion to Remand was originally filed at ECF No. 8; it was re-filed at ECF No. 9 to correct a filing error.

5

(September 29, 2021). ECF No. 24 at 7. Because the filing date is relevant to considering Plaintiff's Motion to Remand, the Court investigated this issue. The Court found that, as a result of an administrative error, the docket incorrectly identified the file date for the Notice of Removal as September 29, 2021 instead of September 28, 2021. See Notice of Electronic Filing, at Appendix A.[6] As a result, the Court corrected the docket to reflect the September 28, 2021 filing date. ECF No. 29.

After correcting this error, the Court notified the parties and permitted them to submit supplemental briefs addressing this issue relative to Plaintiff's Motion to Remand. Id. Plaintiff filed a supplemental brief on December 7, 2021. ECF No. 31.

CHMS did not file a timely response to the Motion to Remand. After the Motion to Remand was fully briefed and without leave to submit further briefing, CHMS submitted a Brief in Support of Joinder to Notice of Removal on December 17, 2021, in which it argues that federal question jurisdiction is proper under the United States Court of Appeals for the Third Circuit's recent decision in Maglioli v. HC Holdings LLC, 16 F.4th 393 (3d Cir. 2021) because Plaintiff claims that Defendants engaged in "willful misconduct." ECF No. 32. Plaintiff filed a response in opposition to this filing on December 21, 2021. ECF No. 33.

The Motion to Remand is now ripe for consideration.

---

[6] When parties electronically file initial pleadings on the Court's CM/ECF system, those documents are initially filed under a miscellaneous, or "dummy," file number. See "A Guide to Working with CM/ECF," at 27, available at https://www.pawd.uscourts.gov/sites/pawd/files/PAWD_Manual_201702.pdf. Then, a case administrator for the Court will open a case-specific file with the newly assigned case number for the action and transfer the documents to that case-specific file. If an initial pleading is filed after business hours, however, court staff will not open a case-specific file until the next business day. In those cases, court staff adjust the filing date (which auto-populates to the current date) on ECF to reflect that the filing was submitted the previous day. In this case, a case administrator mistakenly failed to enter the September 28, 2021 date when opening the case-specific file on September 29, 2021. Upon being notified of this error, the Court has corrected the docket. Appendix A identifies the date and time the Notice of Electronic Filing was submitted for filing on the Court's miscellaneous docket.

## B. LEGAL STANDARD

"[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

If a defendant seeks to remove an action, it must file a petition for removal with the district court within 30 days of plaintiff's service of complaint upon the defendant. 28 U.S.C. § 1446(a). "[D]efendants who wish to join in a removal petition must—within thirty days of the last defendant being served with the complaint—clearly and unambiguously join in the removal petition." Baldy v. First Niagara Pavilion, C.C.R.L., 149 F. Supp. 3d 551, 560 (W.D. Pa. 2015) (citing A.R. v. Norris, No. 15-1780, 2015 WL 6951872, at *3 (M.D. Pa. Nov. 10, 2015)) (emphases omitted).

"[T]he burden of establishing removal jurisdiction rests with the defendant." Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995). "Defendants must also establish that all pertinent procedural requirements for removal have been met." Baldy, 149 F. Supp. 3d at 555 (quoting A.R., 2015 WL 6951872, at *1).

"Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court." Id. (quoting McGuire v. Safeware, Inc., No. 13-3746, 2013 WL 5272767, at *1 (E.D. Pa. Sept. 17, 2013)). "Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). "It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (footnote omitted).

## C. DISCUSSION

### 1. Diversity Jurisdiction

In support of the Motion to Remand, Plaintiff agrees that the Court has diversity jurisdiction. ECF No. 10 at 19 ("[T]here is no question that this Court possesses original subject matter jurisdiction over the instant civil action pursuant to 28 U.S.C. § 1332(a), as the Plaintiff is diverse from all of the defendants"). However, she argues that the HCSG Defendants' removal on this basis was procedurally defective for two reasons: (1) the Forum Defendant Rule precludes Defendants, citizens of Pennsylvania, from removing this action to federal court; and (2) the HSCG Defendants filed their Notice of Removal in federal court and notice of their Notice of Removal in state court in the wrong order. Id. at 7-21. The Court addresses both arguments below.

#### a. Removal is not precluded by Forum Defendant Rule.

Removal of state court actions is generally governed by 28 U.S.C. §§ 1441-55. The general removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C § 1441(a).

If federal jurisdiction is only based on diversity jurisdiction, the Forum Defendant Rule applies.[7] Encompass Ins. Co. v. Stone Mansion Restaurant Inc., 902 F.3d 147, 152 (3d Cir. 2018). This rule provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest ***properly joined and served as***

---

[7] As discussed, the HSCG Defendants also removed under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1442(a)(1) (federal officer removal). Because Plaintiff challenges the sufficiency of removal on those grounds, however, the Court first addresses whether removal was proper solely on the basis of diversity jurisdiction.

***defendants*** is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This limitation is procedural, rather than jurisdictional, unless the case could not initially have been filed in federal court. Encompass, 902 F.3d at 152 (citing Korea Exch. Bank, N.Y. Branch. v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995); Roxbury Condo. Ass'n v. Anthony S. Cupo Agency, 316 F.3d 224, 227 (3d Cir. 2003)).

Although they are citizens of Pennsylvania, the HCSG Defendants submit that the Forum Defendant Rule does not preclude them from removing this case based on diversity jurisdiction because they removed this action before they were served with the Complaint. ECF No. 3 ¶ 12. Pre-service removal by a forum defendant is commonly referred to as "snap removal." While some courts have disagreed regarding the propriety of snap removal under § 1441, the United States Court of Appeals for the Third Circuit recently considered this issue in Encompass, where it held that pre-service removal by a forum defendant is proper. Encompass, 902 F.3d at 152-154.

In Encompass, the Third Circuit was the first of three appellate courts to directly consider the permissibility of pre-service removal by a forum defendant. See Choi v. Gen. Motors LLC, No. CV 21-5925, 2021 WL 4133735, at *3 (C.D. Cal. Sept. 9, 2021) (summarizing appellate decisions on snap removal).[8] In that case, the plaintiff insurance company, a citizen of Illinois, brought a lawsuit against Stone Mansion Restaurants ("Stone Mansion"), a Pennsylvania citizen, in Pennsylvania state court. Encompass, 902 F.3d at 149. Stone Mansion received a copy of the filed complaint and service acceptance form. Id. at 150. Before it formally accepted service, Stone Mansion removed the case to federal court. Id. On appeal, the Third Circuit held that Stone

---

[8] As the district court noted in Choi, the United States Court of Appeals for the Eleventh Circuit previously discussed the practice of snap removal with disapproval in dicta in Goodwin v. Reynolds, 757 F.3d 1215 (11th Cir. 2014). Choi, 2021 WL 4133735, at *3; Goodwin, 757 F.3d at 1221. The United States Court of Appeals for the Sixth Circuit also previously suggested in a footnote that it would interpret § 1441(b)(2) to allow snap removal. McCall v. Scott, 239 F.3d 808, 813 n. 2 (6th Cir. 2001).

9

Mansion's actions were consistent with the "plain meaning" of 28 U.S.C. § 1441(b), such that removal was proper.

In so holding, the Third Circuit first looked to the language of the Forum Defendant Rule in § 1442(b)(2). Upon review, the court concluded that the statutory text was "unambiguous," and its "plain meaning precludes removal on the basis of in-state citizenship only when the defendant been properly joined and served." Id. at 152. Because the language is not ambiguous, the court noted, it must apply the rule as written unless (1) it found "the most extraordinary showing of contrary intentions in the legislatively history," or (2) this literal interpretation would lead to "absurd or bizarre results." Id.

In Encompass, the Third Circuit concluded that it must apply the statute literally, because neither of these two exceptions applies. First, the court held there was no "extraordinary showing of contrary legislative intent," finding it was not "'inconceivable' that Congress intended the 'properly joined and served' language to permit an in-state defendant to remove an action by delaying formal service of process." Id. at 153-54. By including the "properly joined and served" language, the court found, the statute "addresses a specific problem—fraudulent joinder by a plaintiff—with a bright-line rule." Id. at 153.

Second, the Third Circuit held that applying the statute as written does not lead to absurd or bizarre results:

> Our interpretation does not defy rationality or render the statute nonsensical or superfluous, because: (1) it abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal; and (3) it protects the statute's goal without rendering any of the language unnecessary. Thus, this result may be peculiar in that it allows Stone Mansion to use pre-service machinations to remove a case that it otherwise could not; however, the outcome is not so outlandish as to constitute an absurd or bizarre result.

Id. at 153-54.

While the Third Circuit recognized that "[r]easonable minds might conclude that the procedural result demonstrates a need for a change in the law," it explained that any such change must be enacted by Congress, not the Court. Id. at 154.[9] Based on this, the court concluded that Stone Mansion's pre-service removal was proper under the clear language of § 1441(b)(2).

Following the Third Circuit's decision in Encompass, two other circuit courts of appeal considered the propriety of snap removal. In Gibbons v. Bristol-Myers Squibb Company, 919 F.3d 699, 705 (2d Cir. 2019), the Second Circuit agreed with the holding in Encompass and rejected plaintiffs' attempt to have it "depart from the plain meaning of Section 1441(b)(2)." The next year, the Fifth Circuit joined the approach taken in Encompass and Gibbons, specifically citing those decisions as persuasive authority. Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc., 955 F.3d 482, 485-87 (5th Cir. 2020). Like the Third Circuit, the Second and Fifth Circuits also rejected the notion that applying the statute literally to allow pre-service removal creates "absurd results." Gibbons, 919 F.3d at 705-06; Texas Brine, 955 F.3d at 486-87.

In support of the instant Motion to Remand, Plaintiff argues that Defendants are citizens of Pennsylvania, and the Forum Defendant Rule precludes their pre-service removal. ECF No. 10 at 19. Although Plaintiff acknowledges the Third Circuit's decision in Encompass, she argues that the Court should disregard this precedent because it is "legally unsupportable" and an "outlier." Id. at 11-21. She points out that there have been conflicting decisions among various district courts in other circuits, and some of those district courts have not allowed snap removal. Id. at 11-14. Plaintiff also argues that the Third Circuit's holding in Encompass leads to "absurd" results by allowing defendants to engage in various machinations to remove before service—effectively

---

[9] The Court notes that a bill was later introduced in the U.S. House of Representatives, the Removal Jurisdiction Clarification Act of 2020, H.R. 5801, 116th Cong. (2019-2020), which proposed to address this issue. To date, this bill has not been passed into law.

11

nullifying the Forum Defendant Rule in many cases. Id. at 15-18. Plaintiff points to cases in which litigants have "raced" to remove before service, and a recent proposed change to the Pennsylvania Rules of Civil Procedure to allow for faster service of process in light of the Third Circuit's holding in Encompass. Finally, Plaintiff contends that the United States Supreme Court "succinctly rejected" the holding in Encompass when it described the Forum Defendant Rule as "preventing" removal based on diversity where "any defendant is a citizen of the State in which the action is brought." Id. at 16 (citing Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1749 (U.S. 2019)). Based on this, Plaintiff argues that removal was improper.

In response, the HSCG Defendants argue they were not served at the time of removal. ECF No. 24 at 5. Based on the Third Circuit's clear holding in Encompass, they argue, snap removal was proper under the "plain meaning" of § 1441(b)(2). Id. at 3-5. The HSCG Defendants dispute that any authority Plaintiff relies on is either controlling or holds to the contrary. Id. at 5-7.

Upon review, the Court should deny the Motion to Remand on this basis. There is no dispute that diversity jurisdiction exists. Although the HCSG Defendants are citizens of Pennsylvania, the Third Circuit has held that the Forum Defendant Rule in § 1441(b)(2) does not prohibit forum defendants from removing before service. Encompass, 902 F.3d at 152-54; see also Dutton v. Ethicon, 423 F. Supp. 3d 81, 86-89 (D.N.J. 2019); McLaughlin v. Bayer Essure, Inc., No. 14-7315, 2019 WL 2248690, at *2 (E.D. Pa. May 23, 2019). Therefore, the HSCG Defendants properly removed this action before service.

Although Plaintiff argues that allowing snap removal leads to absurd results, the Third Circuit squarely addressed—and rejected—this exact same argument in Encompass. This decision is also consistent with the two other circuit courts of appeal to have considered this issue. See

Gibbons, 919 F.3d at 705; Texas Brine, 955 F.3d at 485-87. While Plaintiff argues that some district courts in other circuits do not concur, those decisions are not controlling precedent.

To the extent Plaintiff argues that the Supreme Court "succinctly rejected" the Third Circuit's holding on snap removal in Home Depot, this is not supported. In Home Depot, the Court considered whether a thirty-party counterclaim defendant is a "defendant" who can remove under the general removal statute, 28 U.S.C. § 1441(a), or the removal provision under the Class Action Fairness Act of 2005, § 28 U.S.C. § 1453(b). Home Depot, 139 S. Ct. at 1747-51. The Court found that the term "defendant" in this context of these removal provisions only refers to a party sued by the original plaintiff, and therefore third-party counterclaim defendants cannot remove. Id. at 1746. While the Court referred to the Forum Defendant Rule in dicta as an example of a limitation on defendants' right to remove, this rule was not at issue in the case. Id. Therefore, the Supreme Court did not consider, let alone reject, the Third Circuit's holding on snap removal. For these reasons, the Motion to Remand should be denied on this basis.

**b. Order of filing notices in state and federal courts does not require the Court to remand.**

Plaintiff also argues that this action should be remanded because the HSCG Defendants did not satisfy the filing requirements under 28 U.S.C. § 1446(d). Section 1446(d) provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d) (emphasis added).

This statute requires a removing party to complete three procedural steps to "effect the removal" of an action to a United States District Court: (1) filing a notice of removal in federal court; (2) giving written notice to all adverse parties; and (3) filing a copy of the notice with the

clerk of the state court. F.H. v. W. Morris Reg'l High Sch. Bd. of Educ., No. 19-14465, 2019 WL 6176347, at *2 (D. N.J. Oct. 30, 2019), *report and recommendation adopted*, 2019 WL 6170723 (D. N.J. Nov. 19, 2019). It is undisputed that all three of these procedural steps were completed within the thirty-day removal period.

In the instant case, the parties' dispute focuses on the relative order and timing of the HSCG Defendants' filings in state and federal court. Plaintiff's argument focuses on the statutory language directing that "[p]romptly *after* the filing of such notice of removal," a defendant "shall file a copy of the notice with the clerk of such State court." 28 U.S.C. § 1446(d) (emphasis added).

Based on this, Plaintiff argues in support of the Motion to Remand that the HSCG Defendants were required to notify the state court of their removal *after* filing the Notice of Removal in federal court. Because the HSCG Defendants filed their notice in state court before filing the Notice of Removal in this Court, she argues, the removal is procedurally defective. Specifically, Plaintiff argues that the Notice of Removal was filed in this Court on September 29, 2021, the day after it notice was filed in state court. ECF No. 10 at 10-11; ECF No. 31 at 1-10.[10] Even if the Court construes both documents as filed on September 28, 2021, however, she argues that the HSCG Defendants still improperly filed in state court first. ECF No. 31 at 11-12. In support, Plaintiff relies on Merz v. Dixon, 95 F. Supp. 193 (D. Kan. 1951), in which a district court found that remand was proper where the removing party had filed its notice of removal in federal court a day after filing in state court, and various cases in which courts granted remand because of a delay in notifying the state court. ECF No. 10 at 9-10.

---

[10] In her Supplemental Brief, ECF No. 31, Plaintiff argues that the Court has incorrectly corrected the docket to reflect a September 28, 2021 filing date for the Notice of Removal. She notes that the Notice of Electronic Filing the HCSG Defendants rely on reflects a September 29, 2021 filing date, and she refers the Court to a civil cases report generated in ECF that still reflects a September 29, 2021 file date, despite the Court's subsequent correction on the docket for this case.

14

In response, the HSCG Defendants argue that they transmitted the relevant notices within the same hour on September 28, 2021. ECF No. 24 at 7-8. Under § 1446, they argue, the purpose of the statute is simply to provide prompt notice to all relevant parties, and it does not preclude concurrent filings in state and federal court. Id. at 8-9. Based on this, the HSCG Defendants contend that they complied with §1446.

Upon review, the Court first considers when the relevant notices were filed. With respect to the Notice of Removal filed in this Court, under this Court's electronic filing policy, "[e]lectronic transmission of a document to the Electronic Filing System in accordance with this Court's Electronic Case Filing Policies and Procedures, together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document for all purposes . . . ." See Electronic Case Filing Policies and Procedures § 4, available at https://www.pawd.uscourts.gov/sites/pawd/files/ECFPolProcAmended122016.pdf (last visited Jan. 12, 2022). Here, the Notice of Electronic Filing for the Notice of Removal shows that it was filed at 8:07 P.M. on September 28, 2021. See Appendix A.

As to when notice was filed in state court, the docket shows that it was also filed on September 28, 2021. See ECF No. 9-9 at 3. Although the record reflects that the HSCG Defendants submitted this document for filing at 7:13 p.m. on September 28, 2021, it is not clear what time this document was actually filed. The parties rely on an e-mail notice from the Court of Common Pleas for Allegheny County showing that notice of the removal was submitted at 7:13 p.m.; however, this e-mail clearly states that the document was submitted but not yet filed at this time. ECF No. 24-8; see also ECF No. 31 at 11. This notice explicitly states that the filings "are being processed" and are not "officially filed" until approved by the court. ECF No. 24-8. Thus, it is not clear whether the state or federal court filing occurred first in time.

Based on this timing, the Court should not grant remand. In Mahony v. Witt Ice & Gas Co., 131 F. Supp. 564 (W. D. Mo. 1955), for example, the district court declined to remand under similar facts. Just as here, the state and federal court notices were filed on the same day, and plaintiff relied on Merz to argue that the case should be remanded where it appeared the state court filing may have occurred first in time. Id. at 566. In the absence of any proof that the state court filing did occur first, the Mahony court found that "as opposed to the facts before the Court in Merz . . . , any attempt by us to declare which of these acts was done first in point of time would be pure speculation." Id.

Even if the priority of filing could be shown, however, the Mahony court found that it would be improper to remand given the state and federal court notices were filed the same day. In reaching this conclusion, the court noted that the common law "refused to concern itself with the fractions of a day, presuming for convenience that all acts done on the same day were done at the same instant." Id. The court also considered that the statutory language at issue was incorporated "to indicate that notice need not be given simultaneously with the filing, but may be made promptly thereafter." Id. (citing Committee Report, U.S. Code & Congress. Serv., 1949, p. 1268).[11] Based on this, the court found that § 1446 does not require the court to engage in a "minute inquiry" of when the filings occurred relative to one another, and "substantially simultaneous notice given the same day, though not required, is at least permissible under the present statute, where no prejudice is shown to exist from any such action." Id.

Similarly, in F.H. v. West Morris Regional High School, the United States District Court for the District of New Jersey also recently declined to remand an action based on the fact that the

---

[11] The courts in Mahony and Merz both discuss the relevant statutory notice language under §1446(e), which was redesignated as § 1446(d) in 1988. Judicial Improvements & Access to Justice Act, Pub. L. No. 100-702 § 1016 (1988).

16

relevant notice of removal had been filed in state court first. W. Morris Reg. H.S., 2019 WL 6176347, at *2. "Even assuming *arguendo* that the statute calls for that order of procedural events," the court held, "failure to proceed in that precise order [is] a technical, non-prejudicial defect that does not justify remand." Id.; see also Poly Products Corp. v. AT&T Nassau Metals, Inc., 839 F. Supp. 1238, 1240 (E.D. Tex, 1993) ("[T]he federal courts generally do not permit a timing difference in filing to destroy jurisdiction."). In support of its decision, the court explained:

> That is what the court found in denying remand in Poly Products Corp. v. AT & T Nassau Metals, Inc., 839 F. Supp. 1238 (E.D. Tex. 1993), when faced with a nearly identical situation in which the removing party filed the removal papers in state court before filing them in the federal court. The court there, concluding "filing notice is ministerial," denied the remand motion. Id. at 1240. A host of other courts similarly have denied motions to remand that were based upon minor procedural defects in removal. See Countryman v. Farmers Ins. Exch., 639 F.3d 1270 (10th Cir. 2011) (finding failure to attach summons is *de minimis* procedural violation not requiring remand); Mitskovski v. Buffalo, Ft. Erie, Bridge Auth., 435 F.3d 127, 131–33 (2d Cir. 2006) (holding violation of local civil rule that requires index of state court filings to be filed with removal petition is minor procedural defect insufficient to warrant remand); Rocha v. Brown & Gould, LLP, 61 F. Supp. 3d 111, 113-14 (D.D.C. 2014) (denying motion to remand based on failure to attach all of state court records to removal papers on grounds it constituted *de minimis* procedural defect). The removal defect alleged here, if it indeed constitutes a defect, falls within that persuasive line of authority. It is therefore recommended that the motion to remand based upon this purported procedural defect be denied.

Id.

Based on the foregoing, the Court should find that remand is improper because it is unclear whether the state court filing was, in fact, filed first. Even assuming this was true, the HSCG Defendants' substantially simultaneous filing of the two notices, on the same day, does not warrant remand under § 1446(d). Therefore, the Motion to Remand should be denied on this basis.

   **2. Other Bases for Removal**

In support of the Motion to Remand, Plaintiff also argues that removal was improper under the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1), because Defendants are not federal

officers; and that removal also was improper under 28 U.S.C. § 1441 because the PREP Act does not confer federal jurisdiction in this case. ECF No. 10 at 21-35. Because the Court should find that removal was proper based on diversity jurisdiction, it is not necessary to consider those issues.

**D. CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion to Remand, ECF No. 9.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: January 12, 2022                              Respectfully submitted,

                                                                    ***/s/ Maureen P. Kelly***
                                                                     MAUREEN P. KELLY
                                                                     UNITED STATES MAGISTRATE JUDGE

cc:      Honorable David S. Cercone
          United States District Judge

          All counsel of record via CM/ECF.