IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **APRIL CARROLL**, as administrator of the ESTATE OF KEVIN CARROLL and in her own right, <br><br> Plaintiff, <br> v. <br><br> **COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC** doing business as **BRIGHTON REHABILITATION AND WELLNESS CENTER, HEALTHCARE SERVICES GROUP, INC., HCSG LABOR SUPPLY, LLC, HCSG SUPPLY, INC., HCSG STAFF LEASING SOLUTIONS, LLC, BRIAN EDWARD MEJIA**, <br><br> Defendants. | 2:21cv1298 <br> Electronic Filing |

## MEMORANDUM ORDER

AND NOW, this 18th day of July, 2022, upon due consideration of plaintiff's motion to voluntarily dismiss this action and defendants Healthcare Services Group, Inc., HCSG Labor Supply, LLC, HCSG Supply, Inc., HCSG Staff Leasing Solutions, LLC and Brian Edward Mejia's (the "HCSG defendants") opposition thereto, IT IS ORDERED that [37] the motion be, and the same hereby is, granted.

Federal Rule of Civil Procedure 41 provides for the voluntary dismissal of an action without court order if the plaintiff files the notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or if all parties who have appeared sign the stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A). In all other situations, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Whether to grant or deny a motion for voluntary dismissal under Rule 41(a)(2) falls within the sound discretion of the district court. Protocomm Corp. v. Novell, Inc., 171 F. Supp. 2d 459, 470-71 (E.D. Pa. 2001) (citing Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991), and Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)). "The purpose of the grant of discretion under Rule 41(a)(2) . . . is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Charles A. Wright & Arthur R. Miller, 9 FEDERAL PRACTICE & PROCEDURE CIVIL § 2364 nn.18-19 (3d ed. 2016) (collecting some of the "many, many cases" so holding). When considering dismissal under Rule 41(a)(2), "it becomes necessary to decide the presence or extent of any prejudice to the defendant." Ferguson, 492 F.2d at 29. A plaintiff's decision to seek dismissal with or without prejudice creates separate analyses for the court to undertake. Id.

Plaintiff requests dismissal without prejudice. Our Court of Appeals has recognized that a "liberal policy has been adopted in the voluntary dismissal context" and as a general matter "Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" In re Paoli R.R. Yard PCB Litigation, 916 F.2d 829, 863 (3d Cir. 1990) (quoting 5 J. Moore, MOORE'S FEDERAL PRACTICE ¶ 41.05[1], at 41–62 (1988)). In contrast, where a lawsuit has progressed significantly and a plaintiff seeks dismissal at or shortly before the resolution of a dispositive motion and/or trial, the Third Circuit takes a more restrictive approach to granting a dismissal without prejudice. Schandelmeier v. Otis Div. of Baker–Material Handling Corp., 143 F.R.D. 102, 103 & n. 2 (W.D.Pa.1992) (citing Ferguson, 492 F.2d at 28–29). In this setting, "it is necessary to weigh the prejudice to the defendant, both in terms of legal prejudice and litigation expense, together with the plaintiff's diligence in bringing the motion and explanation therefore" in determining whether or not to enter the

dismiss with prejudice. Schandelmeier, 143 F.R.D. at 103. And "the pendency of a dispositive motion" is an important factor in the analysis. Id.

When exercising the discretion afforded by Rule 41(a)(2)'s curative clause, a district court must consider various factors such as: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation thereof; and (5) the pendency of a dispositive motion by the nonmoving party. Bezarez v. Pierce, 107 F. Supp. 3d 408, 415 (D. Del. 2015) (citing Schandelmeier, 143 F.R.D. at 103 (W.D. Pa. 1992)); Dodge-Regupol, Inc. v. RB Rubber Products, Inc., 585 F. Supp.2d 645, 652 (M.D. Pa. 2008); Maxim Crane Works, LP v. Smith Transp. Servs., 2016 U.S. Dist. LEXIS 95598, at *8 (W.D. Pa. July 22, 2016) (citing Young v. Johnson & Johnson Corp., 2005 U.S. Dist. LEXIS 26232, at *2-3 (E.D. Pa. Nov. 2, 2005) (listing the above factors to consider and adding whether the dismissal is designed to evade federal jurisdiction)); Maleski v. DP Realty Trust, 162 F.R.D. 496, 498 (E.D. Pa. 1995) (same).

Here, the HCSG defendants have failed to identify any unwarranted or undue prejudice from granting the motion without prejudice. The first three factors weigh in favor of dismissal without prejudice. At the time the motion was filed this action was in its infancy. Up until that point the undertakings in the case pertained to the propriety of the defendants' efforts to avail themselves of "snap removal" and gain a foothold in federal court prior to being served with process. A Rule 16 conference has not been held and the parties have not commenced with general discovery. Indeed, plaintiff voluntarily dismissed other defendants before they even answered the complaint. And any efforts by the parties that were undertaken on the merits will continue to be pertinent to plaintiff's subsequent lawsuit, which likewise has been removed from

state court and is pending at Carrol v. Comprehensive Healthcare Management Services, LLC, et. al, 2:22cv686.

Plaintiff cannot be said to have been dilatory in filing the motion. She filed the motion before any meaningful development of the case on the merits and promptly after the Supreme Court changed the Pennsylvania rules governing the service of process in an effort to minimize if not eliminate what it perceived to be an unwarranted practice by resident defendants of the Commonwealth. And there were no dispositive motions pending at the time.

The HCSG defendants' efforts to establish undue prejudice through the loss of gaining federal jurisdiction by way of snap removal is unavailing. They rely on a line of cases that hold that efforts to evade federal jurisdiction provide sufficient justification for denial of voluntary dismissal. For example, in Myers v. Hertz Penske Truck Leasing, Inc., 572 F. Supp. 500, 502–03 (N.D.Ga.1983), the plaintiff sought voluntary dismissal after the case had been removed on the basis of diversity jurisdiction. The plaintiff did not initially challenge the removal and thereafter engaged in several months of discovery. Then, without explanation, the plaintiff filed an identical lawsuit in state court and named two additional local employees of the corporate defendant. Id. at 501. These additional defendants were alleged to have been acting within the scope of their employment and it was contended that their negligence could be imputed to their employer, the original defendant, under the doctrine of *respondeat superior*.[1] The employees were residents of the forum state and could not be joined in the federal action because, in the absence of snap removal, removal is not authorized where any named defendant is a resident of

---

[1] These additional defendants had been mentioned in the original complaint and the court observed that had they been named as defendants in the initial filing, such a maneuver might well have been successful in keeping the case in state court. Id. at 503 ("While this might have been permissible in the first instance, Brown and Frith indicate that it is not permissible at this late date after defendant has properly removed.").

the forum state. Id. at 501 (citing 28 U.S.C. § 1441(b))  Tellingly, the plaintiff knew the identities of these two employees at the time he initially filed suit against the employer and during the months of discovery that transpired in federal court. Id. at 502.  And importantly, the plaintiff sought no additional damages from these additional employees. Id. at 502-03.

The court in Myers found that the only explanation for adding the additional employees was to defeat diversity jurisdiction.  Given this state of affairs, the court viewed the joinder of the two individuals as a form of gamesmanship to evade removal where the corporate defendant had a right to it based on diversity jurisdiction. Id. at 503 ("Although plaintiffs are normally granted this type of motion in the absence of a showing of legal prejudice to the defendant, the policy implicit in [Brown v. Seaboard Coast Line Railroad Co., 309 F. Supp. 48 (N.D. Ga. 1969)] and [Frith v. Blazon-Flexible Flyer, Inc., 512 F.2d 899 (5th Cir. 1975)] of protecting the removal jurisdiction of the federal courts from cynical legal gamesmanship would not be served by granting it.  To allow the plaintiff to dismiss now would be to allow him to attain by the back door what he could not attain by the front door.").  Accordingly, it denied the motion for voluntary dismissal and enjoined the subsequent proceeding in state court. Id. at 503.

Similarly, in Peltz v. Sears, Roebuck & Co., 367 F. Supp.2d 711, 715 (E.D. Pa. 2005), the defendant had removed a wrongful death and survival action and the parties had been in federal court for several months.  The decedents had died from heat exposure during an extremely hot summer after their wall-unit air conditioner stopped working.  The plaintiff sought damages from Sears on the theory that it failed to repair the air conditioner promptly after being called upon to do so.

After engaging in a substantial period of discovery, the plaintiff sought to return to state court to pursue claims against two health care workers.  The addition of the two health care

5

workers to the federal case would have defeated diversity jurisdiction.

As in <u>Myers</u>, the plaintiff in <u>Peltz</u> had known the identifies of the additional defendants for several months and did not seek to amend or otherwise add them to the lawsuit. Instead, the plaintiff sought to commence the second state-court action and dismiss the ongoing federal case only after the defendant filed a motion to compel arbitration.

The court found the situation "strikingly similar" to that in <u>Myers</u> in that the plaintiff knew the decedents were receiving home health care at the time the original complaint was filed and did not seek to pursue liability against the caregivers for several months. The plaintiff decided to pursue the defendants months after removal and then only after being confronted with the defendant's motion to compel arbitration. The court concluded that the maneuver was an improper attempt to defeat diversity jurisdiction and denied the plaintiff's motion for voluntary dismissal.

Both <u>Myers</u> and <u>Peltz</u> involved scenarios that were analogous to what is known as fraudulent joinder. In <u>Myers</u>, the non-diverse additional defendants were nominal or straw defendants being added after months of being in federal court and the plaintiff did not even seek actual damages from these defendants. In <u>Peltz</u>, the non-diverse defendants were sought to be added in a state court proceeding after months of being in federal court and in what appeared to be an apparent response to a motion to compel arbitration. In each case the plaintiffs knew of the additional defendants months before seeking relief and failed to add them to the lawsuit formally until it became undesirable to remain in federal court. Traditional diversity jurisdiction initially existed in each case and the plaintiffs sought to eliminate that diversity several months later by adding straw defendants and/or defendants unrelated to the central theory of liability.

The instant matter does not present a scenario that is akin to fraudulent joinder or

inappropriate forum shopping. Plaintiff has not sought to add any party to the lawsuit that would otherwise defeat the HCSG defendants' ongoing right to diversity jurisdiction. To the contrary, the HCSG defendants cannot establish that plaintiff has created an impediment to any traditional premise for federal subject matter jurisdiction in this case. Nor can they point to the addition of some straw party or new claim that is sought in order to eliminate what is or otherwise would be an ongoing basis for removal jurisdiction. Thus, the line of cases exemplified by Myers and Peltz are inapposite to the matter at hand.

Instead, this case is more in line with the substantial body of case law recognizing that a Rule 41(a)(2) motion generally will be granted without prejudice where a plaintiff seeks dismissal before the case has progressed to any meaningful degree in order to secure the plaintiff's choice of forum. See 9 Wright and Miller, FEDERAL PRACTICE AND PROCEDURE § 2364, n. 27 (20--) (collecting cases). "The overwhelming majority of cases that have considered the issue have held that the fact that a voluntary dismissal will destroy federal jurisdiction is insufficient to constitute prejudice to a defendant." Johnson v. Pharmacia & Upjohn Co., 192 F.R.D. 226, 228 (W.D. Mich. 1999) (collecting cases). And this approach has been upheld even though the plaintiff may gain some other tactical advantage from the dismissal. See Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1275 (5th Cir. 1990) (neither the defendant's loss of removal jurisdiction nor the defendant's perceived tactical advantage of proceeding with a bench trial in federal court constituted a form of prejudice that precluded the district court from granting a Rule 41(a)(2) motion for voluntary dismissal where relief was sought early in the case).

Here, plaintiff has sought relief early in the litigation. In fact, plaintiff had the unfettered right to dismiss other defendants because they had not yet answered the complaint, and she did so. At this juncture, no discovery has occurred and indeed the court has not even held a Rule 16

conference in order to start the formal development of the case.  And a genuine dispute about the propriety of federal jurisdiction over the case has not definitely been resolved.

Through the Rule 41(a)(2) motion, plaintiff seeks to avail herself of a new procedure that was implanted by the Supreme Court of Pennsylvania.  Thus, she seeks nothing more than to gain the benefit of changes in Pennsylvania's procedural rules that have been authorized and to do so before the parties' initial dispute about the proper forum for proceeding with the case has been resolved.  In this setting, the plaintiff's efforts to revert to state court are sufficiently similar to the principles underlying the well pleaded complaint rule and easily fall within the policies favoring liberal treatment of motions for voluntary dismissal.  And defendants will have ample opportunity to establish that the new state court action properly may be removed to federal court under the long-standing principles of removal jurisdiction, as they have already removed the new action and are advancing their theories regarding the same.

It follows that the HCSG defendants have not shown that they will suffer improper prejudice from a voluntary dismissal without prejudice.  Accordingly, plaintiff's Rule 41(a)(2) motion has been granted.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Magistrate Judge Maureen P. Kelly
       David L. Kwass, Esquire
       Elizabeth Bailey, Esquire
       Robert J. Mongeluzzi, Esquire
       Andrew G. Kimball, Esquire
       Erica Kelly Curren, Esquire
       Jennifer M. Swistak, Esquire
       John M. Campbell, Esquire

       (*Via CM/ECF Electronic Mail*)